# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

JOHN E. WILLIAMS; AND     :

THE LAW OFFICES OF JOHN E. WILLIAMS, ESQ. :

3213 Duke Street, Suite 601     :

Alexandria, Virginia 22314     :

              :

Plaintiffs          :

              :

v.            :

              :

LARRY J. AUSTIN      :  Case No.:  1:19-cv-875

11803 Coldstream Dr.,     :

Potomac, Maryland 20854    :

              :

<u>Serve on</u>         :

Larry J. Austin        :

11803 Coldstream Dr.,     :

Potomac, Maryland 20854    :

              :

AND          :

              :

ROY E. HAHN       :

765 Market Street, Apt 34F    :

San Francisco, California 94103, and  :

              :

LINDA G. MONTGOMERY    :

765 Market Street, Apt 34F    :

San Francisco, California 94103   :

              :

<u>Serve on</u>         :

Mr. Roy E. Hahn & Ms. Linda Montgomery :

765 Market Street, Apt 34F    :

San Francisco, California 94103   :

              :

AND          :

              :

LI-CHIEN "BILL" TSAI; AND   :

DEBBIE TSAI        :

D802 Zhong Hai Guan Yuan Jin Shui Road, :

Guangzhou, China; and                                         :
8521 Enfield Ave.                                             :
Northridge, CA, CA 91325-3813                                 :
                                                              :
Serve on                                                      :
Li-Chien "Bill" Tsai and Debbie Tsai                          :
8521 Enfield Ave.                                             :
Northridge, CA, CA 91325-3813                                 :
                                                              :
                                                              :
AND                                                           :
                                                              :
CHENERY ASSOCIATES, INC.                                      :
703 Market Street, Suite 2100                                 :
San Francisco, California 94103                               :
                                                              :
Serve on                                                      :
Mr. Roy E. Hahn                                               :
765 Market Street, Apt 34F                                    :
San Francisco, California 94103                               :
                                                              :
AND                                                           :
                                                              :
CHENERY MANAGEMENT, INC                                       :
703 Market Street, Suite 2100                                 :
San Francisco, California 94103                               :
                                                              :
Serve on                                                      :
Mr. Roy E. Hahn                                               :
765 Market Street, Apt 34F                                    :
San Francisco, California 94103                               :
                                                              :
AND                                                           :
                                                              :
PEKING INVESTMENT HOLDINGS, LLC                               :
703 Market Street, Suite 2100                                 :
San Francisco, California 94103                               :
                                                              :
Serve on                                                      :
Chenery Associates, Inc. / Chenery Management, Inc.           :
c/o Roy E. Hahn                                               :
765 Market Street, Apt 34F                                    :
San Francisco, California 94103                               :

|                                          |   |
|------------------------------------------|---|
|                                          | : |
| PEKING INVESTMENT FUND, LLC              | : |
| 703 Market Street, Suite 2100            | : |
| San Francisco, California 94103          | : |
|                                          | : |
| Serve on                                 | : |
| Chenery Management, Inc.                 | : |
| c/o Roy E. Hahn                          | : |
| 765 Market Street, Apt 34F               | : |
| San Francisco, California 94103          | : |

## COMPLAINT
### (for legal and injunctive relief)

John E. Williams and The Law Offices of John E. Williams, Esq., by counsel, brings this Complaint against the above-named Defendants for legal and equitable relief, and states as follows:

## INTRODUCTION

1.     This is a case to recover millions of dollars' worth of unpaid legal fees owed by the Defendants to Plaintiffs John E. Williams and the Law Office of John E. Williams, Esq. (collectively "Williams").

2.     Throughout the 1990s and early 2000s, Defendants Roy E. Hahn, Larry J. Austin, and Li-Chen "Bill" Tsai were business partners who promoted, marketed, sold, and provided tax shelter schemes through various companies. Hahn, Austin, and Tsai made many millions of dollars participating in the tax shelter industry.

3.     In the early 2000s, the IRS began to aggressively pursue the tax shelter industry. Hahn, Austin, Tsai and their companies were some of the many targets of the IRS's industry crackdown.

4.     The IRS collectively assessed tens of millions of dollars in back-taxes, additions to tax, penalties, and interest against Hahn, Austin, Tsai, and their associated companies who are

Defendants in this case. All such taxes, penalties, additions, and interest arose from the Defendants conduct and / or participation in the tax shelter business and industry. These assessments commenced years of disputes and negotiations with the IRS and litigation before the U.S. Tax Court and other federal courts, and ultimately this case.

5.      Plaintiff Williams represented all Defendants in regard to their disputes and litigation with the IRS and has negotiated settlements with the IRS to collectively reduce tax and associated liabilities by more than $20 million dollars.

6.      Despite the substantial benefits provided to the Defendants through Williams' legal representation, the Defendants have failed to pay Williams for those services.

7.      The Defendants all have various engagement agreements with Williams whereby they agreed to pay for the legal services. Defendants have otherwise made verbal and written representations, both individually and in concert with other Defendants, that they had the ability to pay Williams and would pay for the legal services rendered.

8.      While the Defendants have reaped and retained the benefits of Williams' legal services, Defendants have all failed to abide by their obligations to pay Williams causing Williams to incur substantial damages. All damages arise out of the Defendants conduct and / or participation in the tax shelter business and industry and subsequent legal representation related to the same. Defendants' failures constitute breaches of contract, unjust enrichment, constructive fraud, and civil conspiracy.

## **PARTIES**

9.      Plaintiff John E. Williams is a Virginia attorney residing in Prince William County, Virginia, having a mailing and business address in the City of Alexandria, Virginia at 3213 Duke Street, #601, Alexandria, Virginia 22314.

10.     The Law Office of John E. Williams, Esq. is a sole proprietorship having a mailing and business address in the City of Alexandria, Virginia at 3213 Duke Street, #601, Alexandria, Virginia 22314. John E. Williams is the sole proprietor.

11.     Defendant Roy E. Hahn is a California Certified Public Accountant, director of public companies, and an expert in recovering on non-performing financial assets, residing in San Francisco, California.

12.     Defendant Linda Montgomery, the wife of Roy E. Hahn, is a California Certified Public Accountant with an active tax return preparation business, residing in San Francisco, California.

13.     Defendant Larry J. Austin is a graduate of Harvard Law School and resident of Montgomery County, Maryland.

14.     Defendants Li-Chen "Bill" Tsai and Debbie Tsai are husband and wife. Bill and Debbie Tsai reside at D802 Zhong Hai Guan Yuan Jin Shui Road, Guangzhou, China and formerly resided at 65 Rock Ridge Drive, Rye Brook, NY 10573. Upon information and belief, Bill and Debbie Tsai maintain a mailing address at 8521 Enfield Ave., Northridge, CA, CA 91325-3813 Mr. Tsai is employed in the financial industry.

15.     Defendant Chenery Associates, Inc. is a dissolved Delaware Corporation with its principal place of business in San Francisco, California. Chenery Associates, Inc. was later renamed Sussex Financial Enterprises, Inc. and re-domesticated and later dissolved as a California Corporation with its principal place of business in San Francisco, California.

16.     Defendant Chenery Management, Inc. is a dissolved Delaware Corporation with its principal place of business in San Francisco, California.

17.     Defendant Peking Investment Fund, LLC is a dissolved Delaware Limited Liability Company with its principal place of business in San Francisco California.

18.     Defendant Peking Investment Holdings, LLC is a dissolved Delaware Limited Liability Company with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and exceeds the value of $75,000 exclusive of interests and costs.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (i) the parties regularly do business in this judicial district; and (ii) a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS

**Larry J. Austin**

21.     From the late 1990s to approximately 2005, Larry J. Austin participated in and facilitated various tax shelter and avoidance transactions.

22.     From 2001-2004, Austin was one of three managing directors of Chenery Associates, Inc. ("CHI"). Upon information and belief, the other two managing directors of CHI were Roy E. Hahn and Bill Tsai.

23.     In or around 2001, Austin established a bank account at the Seoul, South Korea branch of Citibank Korea, Inc. titled solely in his personal name.

24.     In connection with the CHI tax shelter business, Austin deposited significant amounts of money into and out of the Citi Korea account from 2001 through 2004.

25.     Arising out of Austin's Citi Korea financial transactions and the business of CHI, in August 2009, the Internal Revenue Service issued Austin a notice of deficiency for the tax years 2001-2004 totaling over $4.5 million in income tax deficiencies, plus penalties, and additions to tax for fraudulent failure to file.

26.     On or about June 8, 2011 Austin engaged John Williams via a written engagement agreement to provide legal advice in connection with his tax returns, tax liabilities, tax compliance, and related matters, including representation of Austin in regard to a petition filed with the U.S. Tax Court challenging the IRS's tax and penalty assessments.

27.     Under the terms of the engagement agreement, Williams charged $315/hour.

28.     Under the terms of the engagement agreement, in the event Austin failed to pay fees owed to Williams, Williams fee for legal services would be a contingent fee of 33 & 1/3% of the reduction of Austin's tax liabilities (minus any hourly fees actually paid when due).

29.     Austin also agreed that the engagement agreement was subject to accompanying terms and conditions, including interest on unpaid balances of 1 & 1/2 % per month, attorney's fees in connection with any collection action, and a collection expense of 1/3 of the balance owed.

30.     As a direct result of Williams' representation of Austin, the IRS and Austin entered into a "Stipulation of Settled Issues" on November 15, 2012. The Stipulation reduced Austin's income tax, penalties, and interest liabilities by $5,640,978.00.

31.     Upon entry of the Stipulation and its filing with the U.S. Tax Court, the Tax Court ordered Austin to file any motion for award of attorney's fees and costs.

32.     Williams represented Austin before the U.S. Tax Court in connection with the motion for attorney's fees arising out of Austin's defense and the Stipulation.

33.     The Tax Court denied the motion for attorney's fees on December 17, 2012.

34.     Austin appealed the tax court's denial of the fee petition to the United States Court of Appeals for the Fourth Circuit. Williams represented Austin in the appeal from its filing through early 2016.

35.     On January 12, 2016, the Fourth Circuit affirmed the Tax Court's denial of Austin's motion for attorney's fees. The Fourth Circuit issued its Mandate on March 7, 2016, concluding the matter.

36.     Austin failed to pay hourly fees to Williams. Thus, under the terms of the written engagement agreement, Austin owes Williams a contingent fee equal to 33 & 1/3% of the reduction of tax liabilities, plus interest.

37.     Austin has received invoices for Williams' legal services.

38.     As of the filing of this Complaint, Austin has failed to pay Williams virtually all of such invoices under the terms of the engagement agreement.

39.     The current balance of legal fees owed by Austin to Williams is not less than $1,880,326.00 plus costs, contractual collection fee, contractual attorney's fees, and contractual interest from March 2016 until paid.

**Roy E. Hahn**

40.     Roy Hahn was one of three managing members of CHI, along with Larry J. Austin and Bill Tsai.

41.     Hahn is currently the managing member of Marbridge Group, LLC.

42.     In early 2012, following an IRS investigation into CHI that began in 2002, the IRS assessed Hahn, in his personal capacity, taxes, penalties, and interest of $8,051,415.00 for the 2001 and 2002 tax years for the promotion of abusive tax shelters.

43.     On or about April 15, 2013, Hahn engaged Williams under the terms of a written engagement agreement. Hahn also engaged Williams on behalf of CHI (whose name had since changed to Sussex Financial Enterprises, Inc.), and Chenery Management, Inc. ("CMI") under the same engagement agreement and terms.

44.     Under the terms of the engagement agreement, Williams would provide legal advice to Hahn, CHI, and CMI in connection with tax returns, tax liabilities, tax compliance, and related matters.

45.     Under the terms of the engagement agreement, Williams charged $315/hour for legal services.

46.     Under the terms of the engagement agreement, in the event Hahn failed to pay fees owed to Williams, Williams' fee for legal services would be a contingent fee of 33 & 1/3% of the reduction of Hahn's personal tax and associated liabilities (minus any hourly fees actually paid when due).

47.     Hahn also agreed that the engagement agreement was subject to accompanying terms and conditions, including interest on unpaid balances of 1 & 1/2 % per month, attorney's fees in connection with any collection action, and a collection expense of 1/3 of the balance owed.

48.     Under the terms of the engagement agreement, the fact of and the amount of a reduction in tax and associated liabilities is to be determined when an agreement providing a reduction of liability is entered into with IRS.

49.     Williams represented Hahn in his personal capacity before the IRS and U.S. Tax Court in connection with the IRS's $8,051,415.00 assessment.

50.     In December 2015, the IRS and Hahn (personally) reached a settlement agreement that reduced the IRS's personal assessment on Hahn from $8,051,415.00 to $330,000.00.

51.     Upon reaching a settlement agreement with the IRS, Hahn, represented by Williams, filed a motion for an award of attorney's fees with the U.S. Tax Court.

52.     In briefing associated with the motion for attorney's fees, Hahn executed an affidavit that swore, among other things, that Williams' representation of Hahn was pursuant to the terms of the April 2013 engagement agreement, that all legal fees have been properly incurred, that Williams' contingent fee engagement is reasonable under the circumstances, and that Hahn confirmed the high value of the legal services provided by Williams.

53.     In the IRS's Response to the Motion for attorney's fees, the IRS conceded that Hahn was entitled to be awarded reasonable administrative and litigation costs incurred during a portion of the proceedings from May 29, 2012 through April 29, 2015. The IRS, however, requested that Hahn submit additional substantiation related to Williams' fees and expenses.

54.     On or about August 23, 2018, the IRS met with Hahn and Williams and presented a chart outlining the fees and expenses previously conceded as recoverable. According to the IRS, they were willing to reimburse Hahn for 200.5 hours of Williams' time based on an hourly rate of either $190/hour (which the IRS argued was the appropriate rate under the applicable status allowing fees) or $315/hour under the terms of the April 2013 engagement agreement.

55.     Pursuant to the chart presented by the IRS at the August 2018 meeting, the IRS conceded they were liable for an award of fees and expenses of either $55,195.00 at $190/hour or $91,507.50 depending on the hourly rate applied by the tax court, upon satisfaction of certain substantiation condition.

56.     After the August 2018 meeting, Williams made repeated unsuccessful requests to Hahn for assistance in submitting the appropriate documentation to secure the payment of attorney's fees conceded by the IRS as recoverable.

57.     On or about November 30, 2018, attorney George W. Connelly, Jr. of the law firm Chamberlain Hrdlicka entered his appearance in the tax court on behalf of Hahn. After that time, Williams made continued unsuccessful requests to both Hahn and Connelly for assistance and cooperation in securing the payment of Williams' fees and expenses that the IRS had conceded as recoverable.

58.     On the same day Connelly entered his appearance on behalf of Hahn, Williams moved to withdraw as counsel in Hahn's case before the United States Tax Court.

59.     The Tax Court granted Williams' motion to withdraw on December 21, 2018.

60.     Hahn failed to pay hourly fees to Williams. Thus, under the terms of the written engagement agreement, Hahn owes Williams a contingent fee equal to 33 & 1/3% of the reduction of tax and associated liabilities, plus interest, fees, attorney's fees, and expenses.

61.     Hahn, despite having agreed to compensate Williams' under the terms of the engagement agreement and reaffirming his obligation to pay Williams on multiple occasions, as of November, 2018, had failed to pay Williams for his legal services.

62.     Hahn has received invoices for Williams' legal services.

63.     As of the filing of this Complaint, Hahn has failed to pay Williams under the terms of the engagement agreement.

64.     The current balance of legal fees owed by Hahn to Williams under the April 15, 2013 engagement agreement is not less than $2,872,753.00 plus costs, contractual collection fee, contractual attorney's fees, and contractual interest from December 2015 until paid, plus the joint and several fees detailed in paragraph 76 below.

**Chenery Management, Inc.**

65.     Around the same time that the IRS assessed Roy Hahn personally liable for taxes, penalties, and interest of $8,051,415.00 for the 2001 and 2002 tax years for the promotion of abusive tax shelters, the IRS assessed the same against CMI under a theory that CMI is jointly and severally liable for those assessments.

66.     The settlement agreement to reduce Hahn's personal liability did not reduce the IRS's assessments against CMI.

67.     In October 2013, CMI challenged the IRS's assessment with a petition to the U.S. Tax Court.

68.     Williams represented CMI in relation to the IRS's assessment and tax court litigation under the terms of the April 15, 2013 engagement agreement identified ¶¶43-48, above.

69.     Under the terms of the engagement agreement, in the event CMI failed to pay Williams' hourly fee, the fee for legal services would be a contingent fee equal to 33 & 1/3% of the reduction of CMI's tax liabilities (minus any hourly fees actually paid when due).

70.     Under the terms of the engagement agreement, the fact of and the amount of a reduction in tax and associated liabilities is to be determined when an agreement providing a reduction of liability is entered into with IRS.

71.     In or about November or December 2015, CMI and the IRS entered into an agreement that would reduce CMI's tax and associated liabilities from $8,051,415.00 to $330,000.00.

72.     CMI failed to pay hourly fees to Williams. Thus, under the terms of the written engagement agreement, CMI owes Williams a contingent fee equal to 33 & 1/3% of the reduction of tax and associated liabilities, plus costs, contractual collection fee, contractual attorney's fees, and contractual interest.

73.     Hahn and CMI have received invoices for Williams' legal services.

74.     As of the filing of this Complaint, CMI has failed to pay Williams under the terms of the engagement agreement.

75.     The current balance of legal fees owed by CMI to Williams under the April 15, 2013 engagement agreement is not less than $2,872,753.00 plus costs, contractual collection fee, contractual attorney's fees, and contractual interest from December 2015 until paid.

76.     Hahn is jointly and severally liable for the CMI contingent fee and such related amounts.

**Roy E. Hahn and Linda Montgomery**

77.     Linda Montgomery is the spouse of Roy E. Hahn.

78.     Around the same time that the IRS assessed taxes, penalties, and interests against Hahn and CMI, the IRS separately assessed a $2,000,000.00 income tax deficiency jointly against Montgomery and Hahn for entering into their own tax shelter transaction.

79.     Montgomery and Hahn challenged that assessment by filing a pro se petition in the U.S. Tax Court on or about February 3, 2014.

80.     In the beginning of 2016, Hahn and Montgomery engaged Williams to represent them in their case before the U.S. Tax Court.

81.     Williams twice sent Hahn and Montgomery an engagement agreement with contingent fee provisions. Hahn and Montgomery did not sign those contingent fee engagement agreement.

82.     Williams then withdrew the offer for a contingent fee agreement and sent Hahn and Montgomery a flat fee engagement agreement.

83.     Williams entered his appearance in the Tax Court on behalf of Hahn and Montgomery on June 14, 2016.

84.     Sometime after Williams sent the flat fee engagement agreement, Hahn sent back a signed copy of the contingent fee agreement, that had been withdrawn. Hahn's signature on the withdrawn contingent fee offer has no force or effect.

85.     Williams represented Hahn and Montgomery in pre-trial proceedings, including discovery witness interviews and preparation, and at trial before the U.S. Tax Court's San Francisco, California division in October 2016.

86.     After trial on the merits, the Tax Court sustained the initial $2,000,000.00 assessment, but left certain issues for Court proceedings and its decision.

87.     By November 2018, Hahn and Montgomery had failed to pay Williams for his legal services.

88.     On November 30, 2018, Williams moved to withdraw as counsel. The Tax Court granted the Motion on December 18, 2018.

89.     Hahn and Montgomery have received invoices for William's legal services.

90.     As of the filing of this Complaint, Hahn and Montgomery have failed to pay Williams for legal services rendered.

91.     The current balance of legal fees owed jointly by Hahn and Montgomery to Williams is not less than $100,000.00 plus costs, contractual collection fee, contractual attorney's fees, and contractual interest until paid.

**Li-Chen "Bill" Tsai, Debbie Tsai, and Peking Investments**

92.     Bill Tsai was business partners with Larry Austin and Roy Hahn. Tsai was also the vice president of CMI. And, upon information and belief, Tsai was one of three managing directors of CHI.

93.     During the early 2000s, CHI promoted an investment program that involved the formation of funds to invest in the Asian distressed securities market.

94.     To carry out the Asian distressed securities investments, Tsai, Austin, Hahn, and a fourth person caused Peking Investment Holdings, LLC to be formed..

95.     Peking Investment Holdings, LLC had six members: Tsai, CHI, CMI, Hahn, Austin, and another person.

96.     Peking Investment Holdings, LLC then formed Peking Investment Fund, LLC ("PIF") as the mechanism to invest in the Asian distressed securities market.

97.     PIF had three members, Peking Investment Fund, LLC (98%), CMI (1%) and another company who held a 1% interest.

98.     For the tax year ending December 31, 2001, PIF reported a loss of $26,903,619.00 on its Form 1065, U.S. Return of Partnership Income. The loss was purportedly generated by PIF's exchange of an interest in one portfolio of Asian nonperforming loans for another.

99.     Sometime after 2004, the IRS commenced an audit of PIF's tax returns for the years 2001-2004. On or about December 30, 2008, the IRS sent PIF a notice of final partnership administrative adjustment that denies approximately $26 million in loss deductions taken by PIF during the audited years. The IRS also imposed penalties on the ground that the transactions at issue lacked a business purpose and lacked economic substance.

100.    PIF then initiated litigation in the U.S. Tax Court challenging the IRS's disallowance of losses and imposition of penalties. This litigation was initially handled by Hahn on behalf of PIF.

101.    In early 2010, Hahn had reached a preliminary settlement agreement with the government. Bill Tsai, however, was not involved in the settlement discussions and was not satisfied with the proposed settlement agreement.

102.    Bill Tsai then filed a motion with the Tax Court seeking leave to participate in the case as PIF's tax matters partner.

103.    In his Motion to participate filed with the Tax Court, Bill Tsai represented that "he is prepared and financially able to litigate the merits of the case on behalf of PIF."

104.    The Tax Court granted Bill Tsai's motion to participate on May 5, 2011 and he proceeded to litigate the case on behalf of PIF.

105.    On June 23, 2015 Bill Tsai engaged Williams as counsel under the terms of a written engagement agreement to provide legal advice regarding litigation and tax advice and representation and related matters. The engagement agreement was co-signed by Bill Tsai's wife, Debbie L. Tsai, and states that they are jointly and severally liable for all Williams' fees, and for other obligations.

106.    Under the terms of the June 23, 2015 engagement agreement, Williams charged $315/hour for legal services. Bill and Debbie Tsai also agreed that the engagement agreement was subject to accompanying terms and conditions, including interest on unpaid balances of 1 & 1/2% per month, attorney's fees in connection with any collection action, and a collection expense of 1/3 of the balance owed.

107.    On February 8, 2016, Williams entered his appearance in the case as counsel for Bill Tsai, who was now litigating the case on behalf of PIF and Peking Investment Holdings, LLC.

108.    Upon entering an appearance, Williams defeated the government's pending motion for summary judgment, sought discovery, and otherwise prosecuted the action.

109.    In or about April 2018, Bill Tsai and Hahn agreed and contracted that Hahn would pay 1/3 of William's invoices in connection with the PIF matter.

110.    Hahn informed Williams that he would pay 1/3 of Williams' invoices for the PIF matter and that Hahn had the financial resources to pay Hahn's share of Bill Tsai's legal fees.

111.    Hahn's and Bill Tsai's representations about the payment of legal fees were intended to induce, and did induce, Williams to continue his representation of Bill Tsai in the PIF matter.

112.    Williams' relied on Hahn's and Bill Tsai's representations that they had the financial resources to pay Williams' legal fees.

113.    Williams never novated his engagement letter with the Tsais to relieve the Tsais of any of their obligations to Williams thereunder, and so informed Hahn and the Tsais.

114.    By October 2018, except for a $5,000.00 retainer payment made at the beginning of the representation and $15,000 received on or about October 15, 2018, Bill and Debbie Tsai had failed to pay Williams for legal services owed under the terms of the engagement agreement.

115.    On November 30, 2018, Williams moved to withdraw as counsel for Bill Tsai and PIF.

116.    The Tax Court granted Williams' motion to withdraw on December 6, 2018.

117.    Bill Tsai has received invoices for Williams' legal services.

118.    Except for a $15,000.00 payment and the $5,000.00 retainer payment that has been applied to the outstanding balance, Bill and Debbie Tsai have failed to pay for Williams' legal services.

119.    Hahn has failed to pay 1/3 of the fees owed by Tsai under the terms of the June 23, 2015 engagement agreement.

120.    The current balance of legal fees owed under the June 23, 2015 engagement agreement is at least $34,104.22, plus costs, contractual collection fee, contractual attorney's fees, and contractual interest from November 16, 2018 until paid.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### (against Larry J. Austin)

121.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

122.    Pursuant to the terms of June 8, 2011 engagement agreement between Austin and Williams, Williams is entitled to be paid for his professional services and expenses associated with Williams' representation of Austin.

123.    Austin has failed to pay not less than $1,880,326.00 in professional fees and expenses that are rightly owed to Williams.

124.    Austin's balance has been outstanding since December 2016.

125.    Accordingly, Austin has failed to pay Williams as required by the terms of the engagement agreement and its terms and conditions.

126.    Austin's failure to pay Williams constitutes a breach of contract.

127.    Because of Austin's breach of contract for failure to pay Williams, under the terms of the engagement agreement, the outstanding balance has accrued interest at 1 & ½% per month since March 2016.

128.    Because of Austin's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Austin is liable for attorney's fees in connection with this case.

129.    Because of Austin's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Austin is liable for a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count I, Williams demands judgment in his favor in an amount not less than $3,900,000.00 for Austin's breach of contract, representing professional fees and expenses owed, contractual interest, contractual attorney's fees, and a contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT II – QUASI CONTRACT; UNJUST ENRICHMENT
### (against Larry J. Austin)

130.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

131.    In the alternative, to the extent there is not a legally enforceable contract between Williams and Austin, Williams is entitled to be paid quantum meruit by Austin because he accepted and retained the benefit of legal services conferred upon him by Williams, a benefit for which Austin was expected to pay.

132.    From about June 2011 to March 2016, Williams provided legal services to Austin in connection with his tax and associated assessments imposed by the IRS arising out of his business dealings Hahn, Tsai, and others.

133.    By providing legal services to Austin, Williams conferred a substantial benefit on Austin by reducing the IRS assessments by over $5 million.

134.    Austin had knowledge of and accepted the benefit of William's representation.

135.    Under the circumstances, it is inequitable for Austin to retain the benefit of William's legal services without paying for its value.

136.    As of the date of this Complaint, Austin has failed to pay Williams for the value of legal services provided during the period of representation.

WHEREFORE, under Count II, Williams demands judgment in his favor in an amount not less than $3,900,000.00, representing the equitable value of professional fees and expenses owed, interest, attorney's fees, and collection expenses. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT III – BREACH OF CONTRACT
### (against Roy E. Hahn)

137.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

138.    Pursuant to the terms of April 15, 2013 engagement agreement between Hahn and Williams, Williams is entitled to be paid for his professional services and expenses associated with Williams' representation of Hahn in his personal capacity.

139.    Hahn has failed to pay not less than $2,872,753.00 in professional fees and expenses that are rightly owed to Williams.

140.    Hahn's balance has been outstanding since December, 2015, when Hahn and the IRS reached a settlement agreement reducing the personal assessments against Hahn.

141.    Accordingly, Hahn has failed to pay Williams as required by the terms of the engagement agreement and its terms and conditions.

142.    Hahn's failure to pay Williams constitutes a breach of contract.

143.    Because of Hahn's breach of contract for failure to pay Williams, under the terms of the engagement agreement, the outstanding balance has accrued interest at 1 & ½% per month since December 2015.

144.    Because of Hahn's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Hahn is liable for attorney's fees in connection with this case.

145.    Because of Hahn's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Hahn is liable for a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count III, Williams demands judgment in his favor in an amount not less than $6,150,000.00 for Hahn's breach of contract, representing professional fees and expenses owed, contractual interest, contractual attorney's fees, and a contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

### COUNT IV – QUASI CONTRACT; UNJUST ENRICHMENT
### (against Roy E. Hahn)

146.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

147.    In the alternative, to the extent there is not a legally enforceable contract between Williams and Hahn, Williams is entitled to be paid quantum meruit by Hahn because he accepted and retained the benefit of legal services conferred upon him by Williams, a benefit for which Hahn was expected to pay.

148.    From about April 2013 to December 2018, Williams provided legal services to Hahn in connection with his personal tax and associated assessments imposed by the IRS.

149. By providing legal services to Hahn, Williams conferred a substantial benefit on Hahn by reducing the IRS assessments by over $7 million.

150. Hahn had knowledge of and accepted the benefit of Williams' representation.

151. Under the circumstances, it is inequitable for Hahn to retain the benefit of Williams' legal services without paying for its value.

152. As of the date of this Complaint, Hahn has failed to pay Williams for the value of legal services provided during the period of representation.

WHEREFORE, under Count IV, Williams demands judgment in his favor in an amount not less than $6,150,000.00, representing the equitable value of professional fees and expenses owed, interest, attorney's fees, and collection expenses. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT V – CONSTRUCTIVE FRAUD
### (against Roy E. Hahn)

153. Throughout the period when Williams represented Hahn, Hahn's business partners, and associated entities, including CHI, CMI, PIH, and PIF, Hahn has made multiple false representations that he has the ability to pay for legal services provided by Williams.

154. Hahn's ability to pay is a material fact that is relevant to inducing Williams to commence or continue representing Hahn and associated persons and entities for which Hahn is ultimately responsible.

155. Hahn either intentionally or negligently misrepresented his ability to pay Williams' legal fees, which Hahn knew was a material fact relevant to inducing Williams to commence or continue representing Hahn and associated persons and entities for which Hahn is ultimately responsible.

156.    Williams relied on Hahn's false representations about his ability to pay for legal services provided by Williams to Hahn and associated persons and entities for which Hahn is ultimately responsible. Williams relied on Hahn's false representations in both agreeing to commence representation and continue providing legal services.

157.    In reliance on Hahn's false representations, Williams has suffered extraordinary financial damages totaling millions of dollars.

WHEREFORE, Under Count V, Williams demands judgment in his favor in an amount not less than $5,000,000.00, punitive damages, attorney's fees and expenses associated with this litigation, pre and post judgment interest and whatever other relief the Court deems appropriate.

## COUNT VI – BREACH OF CONTRACT
### (against Chenery Management, Inc. and Roy E. Hahn)

158.    Williams incorporates the allegations set forth in Paragraphs 1-114 as if fully set forth herein.

159.    Pursuant to the terms of the April 15, 2013 engagement agreement between CMI and Williams, Williams is entitled to be paid for his professional fees and expenses associated with his representation of CMI.

160.    CMI has failed to pay not less than $2,872,753.00 in professional fees and expenses that are rightly owed to Williams.

161.    CMI's balance has been outstanding since November, 2015, when CMI and the IRS reached a settlement agreement which would reduce the assessments against CMI.

162.    Accordingly, CMI has failed to pay Williams as required by the terms of the engagement agreement and its terms and conditions.

163.    CMI's failure to pay Williams constitutes a breach of contract.

164.    Under the written engagement agreement, Hahn is jointly and severally liable for the fees, expenses, and other damages owed by CMI to Williams. In the alternative, Hahn is liable for the fees, expenses, and other damages owed to Williams by CMI by virtue of his status vis-a-vis CMI as a dissolved corporation.

165.    Because of CMI's breach of contract for failure to pay Williams, under the terms of the engagement agreement, the outstanding balance has accrued interest at 1 & ½% per month since November 2015.

166.    Because of CMI's breach of contract for failure to pay Williams, under the terms of the engagement agreement, CMI and / or Hahn is liable for attorney's fees in connection with this case.

167.    Because of CMI's breach of contract for failure to pay Williams, under the terms of the engagement agreement, CMI and / or Hahn is liable for a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count VI, Williams demands judgment in his favor against CMI and Hahn, jointly and severally, in an amount not less than $6,150,000.00 for CMI's breach of contract, representing professional fees and expenses owed, contractual interest, contractual attorney's fees, and a contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT VII – QUASI CONTRACT; UNJUST ENRICHMENT
### (against Chenery Management, Inc., Chenery Associates, Inc., and Roy E. Hahn)

168.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

169.    In the alternative, to the extent there is not a legally enforceable contract between Williams and CMI, Williams is entitled to be paid quantum meruit by CMI because it accepted

and retained the benefit of legal services conferred upon it by Williams, a benefit for which CMI was expected to pay.

170.     From about April 2013 to Williams' recent termination letter to Hahn, Williams provided legal services to CMI in connection with tax and associated assessments imposed by the IRS.

171.     By providing legal services to CMI, Williams conferred a substantial benefit on CMI by reducing the IRS assessments by over $7 million.

172.     CMI had knowledge of and accepted the benefit of William's representation.

173.     Under the circumstances, it is inequitable for CMI to retain the benefit of William's legal services without paying for its value.

174.     By virtue of their status and association with CMI, Hahn and CHI are jointly and severely liable for the fees, expenses, and other damages owed to Williams by CMI as a dissolved corporation. Hahn and CHI have been unjustly enriched to the same extent as CMI.

175.     As of the date of this Complaint, CMI has failed to pay Williams for the value of legal services provided during the period of representation.

WHEREFORE, under Count VII, Williams demands judgment in his favor in an amount not less than $6,150,000.00, representing the equitable value of professional fees and expenses owed, interest, attorney's fees, and collection expenses. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT VIII – BREACH OF CONTRACT
### (against Roy E. Hahn and Linda Montgomery)

176.     Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

177.     Pursuant to the engagement agreement between Austin and Hahn and Montgomery, Williams is entitled to be paid for his professional services and expenses associated with Williams' joint representation of Hahn and Montgomery.

178.     Hahn and Montgomery have failed to pay not less than $100,000.00 in professional fees and expenses that are rightly owed to Williams.

179.     The balance has been outstanding since December, 2018, when Williams invoiced Hahn and Montgomery.

180.     Accordingly, Hahn and Montgomery have jointly failed to pay Williams as required by the terms of the engagement agreement and its terms and conditions.

181.     Hahn and Montgomery's failure to pay Williams constitutes a breach of contract.

182.     Because of Hahn and Montgomery's breach of contract for failure to pay Williams, under the terms of the engagement agreement, the outstanding balance has accrued interest at 1 & ½% per month since December 2018.

183.     Because of Hahn and Montgomery's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Hahn and Montgomery are jointly liable for attorney's fees in connection with this case.

184.     Because of Hahn and Montgomery's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Hahn and Montgomery are jointly liable for a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count VIII, Williams demands judgment in his favor in an amount not less than $150,000.00 for Hahn and Montgomery's joint breach of contract, representing professional fees and expenses owed, contractual interest, contractual attorney's fees, and a

contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

### COUNT IX – QUASI CONTRACT; UNJUST ENRICHMENT
### (against Roy E. Hahn and Linda Montgomery)

185.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

186.    In the alternative, to the extent there is not a legally enforceable contract between Williams and Hahn and Montgomery, Williams is entitled to be paid quantum meruit by Hahn and Montgomery, jointly and severally, because they accepted and retained the benefit of legal services conferred upon them by Williams, a benefit for which Hahn and Montgomery, jointly and severally, were expected to pay.

187.    From about 2016 to December, 2018, Williams provided legal services jointly to Hahn and Montgomery in connection with their tax and associated assessments imposed by the IRS, including, but not limited to, pre-trial proceedings, trial preparations, and a three-day trial before the U.S. Tax Court in San Francisco, California.

188.    By providing legal services jointly to Hahn and Montgomery, Williams conferred a substantial benefit on Hahn and Montgomery.

189.    Hahn and Montgomery jointly had knowledge of and jointly accepted the benefit of William's representation.

190.    Under the circumstances, it is inequitable for Hahn and Montgomery to retain the benefit of William's legal services without paying for its value.

191.    As of the date of this Complaint, Hahn and Montgomery have failed to make any payment to Williams for the value of legal services provided jointly to them during the period of representation.

WHEREFORE, under Count IX, Williams demands judgment in his favor in an amount not less than $150,000.00, representing the equitable value of professional fees and expenses owed, interest, attorney's fees, and collection expenses. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT X – BREACH OF CONTRACT
### (against Li-Chen "Bill" Tsai and Debbie Tsai)

192.    Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

193.    Pursuant to the terms of June 23, 2015 engagement agreement between Williams and Bill and Debbie Tsai, Williams is entitled to be paid for his professional services and expenses.

194.    Bill and Debbie Tsai have failed to pay not less than $34,104.22 in professional fees and expenses that are rightly owed to Williams.

195.    Bill and Debbie Tsai's balance has been outstanding since at least November, 2018, when Williams moved to withdraw as counsel.

196.    Accordingly, Bill and Debbie Tsai have failed to pay Williams as required by the terms of the engagement agreement and its terms and conditions.

197.    Bill and Debbie Tsai's failure to pay Williams constitutes a breach of contract.

198.    Because of Bill and Debbie Tsai's breach of contract for failure to pay Williams, under the terms of the engagement agreement, the outstanding balance has accrued interest at 1 & ½% per month since November, 2018.

199.    Because of Bill and Debbie Tsai's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Bill and Debbie Tsai are jointly liable for attorney's fees in connection with this case.

200.     Because of Bill and Debbie Tsai's breach of contract for failure to pay Williams, under the terms of the engagement agreement, Bill and Debbie Tsai are jointly liable for a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count X, Williams demands judgment in his favor in an amount not less than $60,000.00, jointly and severally, for Bill and Debbie Tsai's breach of contract, representing professional fees and expenses owed, contractual interest, contractual attorney's fees, and a contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT XI – QUASI CONTRACT; UNJUST ENRICHMENT
### (against Li-Chen "Bill" Tsai, Debbie Tsai, Peking Investment Holdings, LLC, Peking Investment Fund, LLC, and Roy E. Hahn)

201.     Williams incorporates the allegations in Paragraphs 1-114 as if fully set forth herein.

202.     In the alternative, to the extent there is no legally enforceable contract between Williams and Bill and Debbie Tsai, and because PIH, PIF, and Hahn have benefitted and been unjustly enriched, Williams is entitled to be paid quantum meruit, jointly and severally, by Bill and Debbie Tsai, PIH, and PIF because they accepted and retained the benefit of legal services conferred upon them by Williams, a benefit for which they were expected to pay. Further, Williams is entitled to be paid 1/3 of the total quantum meruit damages under Count XI by Hahn, constituting the benefit retained by Hahn, and the extent for which he was expected to pay.

203.     From about June, 2015 to November, 2018, Williams provided legal services to Bill and Debbie Tsai, PIH, Hahn, and PIF in connection with tax and associated assessments imposed by the IRS.

204.    By providing legal services to Bill and Debbie Tsai, PIH, and PIF, Williams conferred a substantial benefit on Bill and Debbie Tsai, PIH, PIF, and Hahn.

205.    Bill and Debbie Tsai, PIH, PIF, and Hahn had knowledge of and accepted the benefit of Williams' representation.

206.    Under the circumstances, it is inequitable for Bill and Debbie Tsai, PIH, PIF, and Hahn to retain the benefit of Williams' legal services without paying for its value.

207.    As of the date of this Complaint, Bill and Debbie Tsai, PIH, PIF, and Hahn have failed to pay Williams for the value of legal services provided during the period of representation.

WHEREFORE, under Count XI, Williams demands judgment in his favor in an amount not less than $60,000.00, jointly and severally, against Bill and Debbie Tsai, PIH, PIF, and Hahn representing the equitable value of professional fees and expenses owed, interest, attorney's fees, and collection expenses. Williams further demands judgment against Hahn in an amount not less than 1/3 of the total quantum meruit damages under Count XI. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

### COUNT XII – BREACH OF CONTRACT AS A THIRD-PARTY BENEFICIARY
### (against Li-Chen "Bill" Tsai and Roy E. Hahn)

208.    In or about April 2018, Bill Tsai and Hahn entered into a contract whereby Hahn agreed to pay 1/3 of the fees and expenses associated with the PIF matter that was pending before the U.S. Tax Court.

209.    Williams is a direct and intended third party beneficiary of the contract between Bill Tsai and Hahn.

210.     Hahn has failed to pay for the professional fees and expenses that are rightly owed to Williams as the direct and intended third party beneficiary of Hahn's contract with Bill Tsai.

211.     The balance has been outstanding since November, 2018, when Williams moved to withdraw as counsel in the PIF matter before the U.S. Tax Court.

212.     Hahn's failure to pay Williams constitutes a breach of contract for which Williams is a direct and intended third party beneficiary.

213.     Because of Hahn's failure to pay Williams, under the terms of the engagement agreement between Bill Tsai and Williams, the outstanding balance has accrued interest at 1 & ½% per month since November, 2018.

214.     Because of Hahn's failure to pay Williams, under the terms of the engagement agreement between Bill Tsai and Williams, Williams is entitled to an award of attorney's fees in connection with this case.

215.     Because of Hahn's failure to pay Williams, under the terms of the engagement agreement between Bill Tsai and Williams, Williams is entitled to an award of a collection expense of 1/3 of the total amount owed.

WHEREFORE, under Count XII, Williams demands judgment in his favor in an amount not less than 1/3 of the total damage award under Count X and / or 1/3 of the total damage award under Count XI, representing professional fees and expenses owed, interest, attorney's fees, and a contractual collection expense. Williams further requests pre and post judgment interest at the statutory rate and whatever other relief the Court deems appropriate.

## COUNT XIII – CONSTRUCTIVE FRAUD
### (against Li-Chen "Bill" Tsai, Debbie Tsai, and Roy E. Hahn)

216.    Williams incorporates the allegations set forth in Paragraphs 1-114 as if fully set forth herein. When Bill and Debbie Tsai entered into their engagement agreement with Williams, they represented they were acting in good faith and with bona fides toward Williams.

217.    When Bill and Debbie Tsai entered into their engagement agreement with Williams, they represented to Williams, and had previously represented to the U.S. Tax Court in writing, that they had the financial resources to pay the legal fees and expenses associated with the PIF litigation.

218.    During the pendency of the PIF litigation, Hahn represented to Williams that he would pay 1/3 of Williams' fees and expenses incurred by Bill and Debbie Tsai.

219.    Hahn represented to Williams that he had the financial resources to pay his share of Tsai's legal fees owed to Williams.

220.    Williams relied to his detriment relied on the representations made by Tsai and Hahn that they had the financial resources to pay Williams' legal fees.

221.    In such reliance, Williams provided substantial time, attention, and services to Bill and Debbie Tsai and Hahn, and incurred substantial out of pocket expenses doing so.

WHEREFORE, Williams demands judgment against Bill Tsai, Debbie Tsai, and Roy E. Hahn, jointly and severally, on Count XIII and damages of not less than $100,000.00, punitive damages, attorney's fees, pre and post judgment interest and whatever other relief the Court deems appropriate.

### COUNT XIV – COMMON LAW AND STATUTORY CIVIL CONSPIRACY; TREBLE DAMAGES
### (against Li-Chen "Bill" Tsai, Debbie Tsai, and Roy E. Hahn)

222.    Williams incorporates the allegations in Paragraphs 1-114 and Counts X – XIII as of fully set forth herein.

223.    By any and all of the actions stated in this Complaint, Bill Tsai, Debbie Tsai, and Roy E. Hahn knowingly and intentionally engaged together in concerted actions in (1) defrauding Williams with respect to payment of Williams' Invoices, and (2) preventing Williams from collecting his fees, as described in this Complaint, and in and by other actions as will be proved at trial.

224.    The Tsai Defendants and Hahn so acted with the purpose of willfully or maliciously injuring Williams in his reputation, trade, business, or profession as described herein or as will be proved at trial.

225.    The Tsai Defendants and Hahn so acted with unlawful purpose or by unlawful means, as described herein or as will be proved at trial.

226.    In all such actions, all the Tsai Defendants and Hahn combined together to effect a preconceived plan and unity of design and purpose to bring about those outcomes.

227.    In all such actions, the Tsai Defendants and Hahn acted intentionally, purposefully, and without lawful justification, as specifically detailed in this Complaint.

WHEREFORE, Williams demands judgment against Bill Tsai, Debbie Tsai, and Roy E. Hahn, jointly and severally, on Count XIV and damages of not less than $150,000.00, punitive damages, attorney's fees, pre and post judgment interest and whatever other relief the Court deems appropriate.

## COUNT XV – INJUNCTIVE RELIEF
### (against Roy E. Hahn)

228.    Williams incorporates the allegations stated in Paragraphs 1-120 and Counts III, IV and V as if fully set forth herein.

229.    In March 2016, the IRS conceded that it would pay certain fees and expenses associated with Williams' representation of Hahn, subject to the submission of additional documentation to the Tax Court.

230.    In August 2018, the IRS conceded they were liable for an award of fees and expenses of either $55,195.00 at $190/hour or $91,507.50 at $315/hour depending on the hourly rate applied by the Tax Court and provided a detailed chart outlining Williams' work subject to their concession.

231.    Since August 2018, Williams has made repeated, but unsuccessful, requests for Hahn's and his successor counsel's cooperation in securing payment of the fees conceded by the IRS. To date, Hahn has failed to submit the necessary documentation to the Tax Court to secure the award of conceded fees.

232.    Given the IRS's concession, if Hahn submits the appropriate documents to the Tax Court, the Tax Court will award certain attorney's fees and expenses to be paid directly to Williams.

WHEREFORE, Williams requests that the Court issue an order directing Hahn to submit the necessary documentation to the United States Tax Court to secure the payment to Williams of his attorney's fees and expenses conceded as recoverable by the IRS.

## GENERAL MATTERS RELATING TO ALL COUNTS

233.    The claims and liabilities detailed in this Complaint are subject to pre-judgment liens on all properties of, and to all extents over, all Defendants, as provided under provisions of Virginia Code Secs. 55-82, 54.1-3932, 8.01-268 & 269, and the Virginia equitable lien provisions.

Respectfully Submitted,

JOHN E. WILLIAMS;
THE LAW OFFICES OF JOHN E. WILLIAMS, ESQ
By Counsel

CARR MALONEY P.C.

By:    *J. Peter Glaws, IV*
        J. Peter Glaws, IV (VSB #83185)
        Carr Maloney P.C.
        2020 K Street, NW, Suite 850
        Washington, D.C.  20006
        (202) 310-5500 - Telephone
        (202) 310-5555 - Facsimile
        peter.glaws@carrmaloney.com